UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 2:08 CR 84 |
| | ) | |
| **JENNIFER SCHWARTZ** | ) | |

## OPINION and ORDER

Defendant Jennifer Schwartz filed a motion to dismiss this case. (DE # 16; DE # 17), which this court denied. (DE # 19.) Before this court is defendant's motion to reconsider her motion to dismiss (DE # 21), to which the government has responded (DE # 27), and defendant has replied (DE # 29). This motion will be denied.

This court laid out the facts regarding the original motion to dismiss in some detail in its original order. In that motion, defendant argued that her right to a speedy trial has been violated, a contention that depended on this court finding that two contested periods of time counted against the speedy trial clock. (DE # 17.) This court disagreed (DE # 19), and defendant now insists that the court's opinion was "flawed and erroneous" for various reasons. (DE # 21 at 2.) The government notes that defendant failed to file a reply brief defending her motion to dismiss and argues that this constitutes waiver of any related arguments, and notes that the Federal Rules of Criminal Procedure do not allow for the filing of motions to reconsider. (DE # 27 at 2-3.) In her reply, defendant disputes the government's waiver argument. (DE # 29.) While the court appreciates the government's point, for the sake of completeness, it will address the arguments raised in defendant's motion to reconsider.

First, defendant reasserts that the day she was initially arrested and released, June 24, 2008, marked her first "appearance" in this court, and thus should have triggered the start of the speedy trial clock. (DE # 21 at 2-3.) On that day, a status conference was held in front of Magistrate Judge Rodovich. (DE # 3.) Defendant initially states that it is not clear whether defendant appeared at the conference on that day. (DE # 21 at 2.) On this point, defendant is plainly wrong, as her counsel could have determined had he reviewed the audio recording of that conference. The court has listened to this recording, and defendant was definitively not brought before the magistrate judge. Only an Assistant United States Attorney, David Nozick, and Magistrate Judge Rodovich spoke at the conference, as it was held for the court to inquire why the government had delayed in having a large group of criminal defendants (including the defendant in this case) brought before the court. At no point did defendant Schwartz or any person serving as her representative speak, and the recording gives absolutely no indication that any such third party was present.

Beside defendant's argument over the clarity of what occurred on June 24, 2008, she also claims that this court should redefine the language of the Speedy Trial Act. (DE # 21 at 2-3.) The Act states that its 70-day clock begins either on the date the indictment of a defendant is made public or the date a defendant "appeared before a judicial officer." 18 U.S.C. § 3161(c)(1). Defendant argues that this court should construe June 24, 2008 as the date defendant "appeared before a judicial officer," despite the fact that she demonstrably did not, because Magistrate Judge Rodovich found that the government

violated FEDERAL RULE OF CRIMINAL PROCEDURE 5(a)(1) and ordered the defendant released from custody on that day. (DE # 21 at 2; *see* DE # 3.) In making this argument, defendant essentially asks this court to interpret the term "appeared before a judicial officer" in § 3161(c)(1) to mean "arrested, not brought before a judicial officer in a timely fashion and then ordered to be released." (DE # 21 at 2.) Unsurprisingly, defendant offers no legal support for this request (*see id.*), and the court's own research has found no precedent in this circuit that supports it. Because fulfilling this request would require the court to rewrite the definition of the word "appear," and defendant offers no support for her position, the court rejects this argument. Her initial appearance did not occur on June 24, 2008, but rather on July 1, 2008. (*See* DE # 9.) This appearance began the speedy trial clock. *See* 18 U.S.C. 3161(c)(1).

Second, defendant contends this court erred in determining that the time between July 14, 2008 and September 30, 2008 was excluded from the 70-days allotted by the Speedy Trial Act. (DE # 21 at 2-3.) The court held that this time period was excluded because Magistrate Judge Rodovich, at defendant's arraignment on July 14, 2008, held that pretrial motions were due by September 30, 2008, and, under Seventh Circuit case law, the time period that a magistrate judge sets out for pretrial motions does not count against the speedy trial clock. (DE # 19 at 2 (quoting *United States v. Garrett*, 45 F. 3d 1135, 1138 (7th Cir. 1995).) Defendant now argues that only a portion of this time period is excludable, the period between August 20, 2008 and September 30, 2008. (DE # 21 at 2-3.) The magistrate judge set August 20, 2008 as the date by which the

government had to produce discovery. (DE # 14.) Defendant argues that the time after her receipt of discovery was really when the period for filing of pretrial motions began because "it is unclear as to how the defendant could have filed any pre-trial motions prior to receiving discovery." (*Id.*)

Again, defendant offers no case law in support of her interpretation of how the Speedy Trial Act operates. The Seventh Circuit explicitly states that the "period established by the magistrate [judge] for filing of pretrial motions . . . is clearly excludable from Speedy Trial Act calculations in this circuit" even when no side files a pretrial motion. *Garrett*, 45 F. 3d at 1138. *Garrett* certainly does not hold that the pretrial motion period does not really begin until the government completes discovery, or indicate that it should. And the court can find no controlling precedent that agrees with this contention. Furthermore, defendant offers no evidence whatsoever that she or the government was prohibited from filing pretrial motions before August 20, 2008, and her suggestion that she would be unable to file pretrial motions without discovery seems quite insincere. A defense lawyer certainly doesn't need discovery to file a motion to dismiss the indictment, for example.

Finally, accepting defendant's newfangled interpretation of the speedy trial rule would create confusion. Defendant argues the speedy trial clock was not paused during the time set aside for pretrial motions until the government's time to provide her with discovery ended, on August 20, 2008. (DE # 21 at 2-3.) But what if the government provided her with discovery materials before August 20, 2008? According to her interpretation of the Speedy Trial Act, would the clock have stopped on the day she

actually received discovery, or not until the "discovery period" was over?[1] Defendant gives no explanation. In any event, the facts are these: on July 14, 2008, Magistrate Judge Rodovich set the pretrial motion deadline for September 30, 2008, and defendant failed to object. (DE # 13.) The record does not indicate that defendant could not file a pretrial motion before August 20, 2008. Thus, the time between July 14, 2008 and September 30, 2008 did not count against the Speedy Trial clock.[2]

This court rejects both of defendant's arguments, and reaffirms its decision that the current trial setting is timely. Defendant's motion to reconsider (DE # 21) is **DENIED**.

**SO ORDERED.**

**DATED:** November 20, 2008

                               s/James T. Moody
                               JUDGE JAMES T. MOODY
                               UNITED STATES DISTRICT COURT

---

[1] If it is the former, defendant or the government would presumably need to file a notice indicating that they had complied with discovery. Needless to say, no such notice was filed in this case.

[2] The government rightly notes that much of time after defendant filed his motion to dismiss and the instant motion would not count against the speedy trial clock (DE # 27 at 2), under 18 U.S.C. § 3161(h)(1)(F). However, because the present motion can be properly decided without calculating exactly how much time would be excluded under § 3161(h)(1)(F), the court will not do so.